**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

UNITED STATES OF AMERICA

v.

JOSEPH L. STROY,

        Defendant

---

Criminal Action No. 20-188 (CKK)

**MEMORANDUM OPINION AND ORDER**
(December 1, 2020)

Now pending before the Court is Defendant Joseph L. Stroy's ("Defendant"), Motion to Reconsider this Court's Order Denying Release From Pretrial Detention (the "Motion to Reconsider").  For the reasons set forth herein, the Court **DENIES** the Motion to Reconsider.

## I.     BACKGROUND

The Court has previously outlined the facts leading up to Defendant's present indictment in its October 14, 2020 Memorandum Opinion and Order.  *See* Mem. Op. & Order, ECF No. 16, at 1–2 (recounting factual background).  The Court expressly incorporates those facts into this Memorandum Opinion and Order, but will also recount the facts of this case below for completeness.  In outlining the current background of this case, the Court has relied on the facts alleged thus far by the government in its pleadings, but the Court does not adopt these factual allegations as its own findings of fact.

In January 2020, officers from the Washington, D.C., Metropolitan Police Department ("MPD") began to investigate Defendant for his potential involvement in narcotics distribution.  *See* Compl., Stmt. of Facts, ECF No. 1-1, at 1.  "During the course of the investigation, pursuant to two search warrants issued by magistrate judges of the U.S. District Court for the District of Columbia, MPD officers placed a tracking device on [Defendant's] vehicle."  *Id.*  Then in March

2020, MPD officers observed Defendant, on multiple occasions, meeting with individuals for short periods of time in a manner consistent with narcotics trafficking. *See id.* For example, on March 3, 2020, MPD officers observed Defendant meeting with various individuals and engaging in hand-to-hand transactions consistent with drug trafficking behavior. *See id.*

On September 4, 2020, MPD officers, along with federal law enforcement agents, executed a search warrant at Defendant's apartment, located at 1200 Perry Street N.E., Washington, D.C. *See id.* Upon their entrance into the apartment, the officers found Defendant in the living room with his wife, Ms. April Stroy. *See id.*; Order, ECF No. 13, at 2. The officers then searched their apartment and identified substantial evidence of drug trafficking therein. *See* Compl., Stmt. of Facts, ECF No. 1-1, at 1. This evidence included a plastic bag containing approximately 22 grams of cocaine base, found in Defendant's kitchen along with twenty-four digital scales, a cooking pot with white residue, baking soda, bags commonly used to package narcotics, and razor blades. *See id.* In total, the investigating officers recovered approximately 101 grams of white rock substance from Defendant's residence, which field tested positive for cocaine base. *Id.* The officers also found at least seven cell phones, $2,160 in U.S. currency, and mail addressed to Defendant in the apartment. *See id.* And in a subsequent search of Defendant's vehicle, the officers located additional scales and a hidden compartment, which could be used to conceal drugs. *See* Order, ECF No. 13, at 3; Gov't Opp'n, ECF No. 11, at 4.

In addition to this narcotics evidence, the MPD officers also found two firearms in ottomans within Defendant's living room, located near "ammunition and a small amount of a white-rock substance that field tested positive for cocaine base." Compl., Stmt. of Facts, ECF No. 1-1, at 1. The recovered firearms were also located approximately eight feet away from the kitchen, wherein the officers had found substantial evidence of drug trafficking. *See id.*

Specifically, the guns recovered were a Braztech revolver containing five rounds of .357 magnum with one cartridge, as well as a Taurus revolver containing five rounds of .38 ammunition. *See id.* Both firearms appeared fully functional and capable of firing. *See id.* As a result of this investigation, MPD officers placed Defendant and his wife under arrest. *Id.*

On September 10, 2020, a grand jury returned an indictment against Defendant for one count of Unlawful Possession with Intent to Distribute 28 Grams or More of Cocaine Base, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and one count of Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of Title 18 U.S.C. § 924(c)(1). *See* Indictment, ECF No. 4. Shortly thereafter, Magistrate Judge Robin Meriweather held a detention hearing and ordered that Defendant remain detained pending trial. *See* Minute Entry (Sept. 10, 2020); Order, ECF No. 13, at 2. In turn, Defendant moved this Court to reverse Magistrate Judge Meriweather's pretrial detention order and to release Defendant before trial, *see* Def.'s Mot., ECF No. 7, but the Court denied Defendant's motion for bond review in its October 14, 2020 Memorandum Opinion and Order, *see* Mem. Op. & Order, ECF No. 16, at 10.

In its decision denying Defendant's request for pretrial release, the Court first explained that Defendant's current charges "trigger[] a rebuttable presumption under the Bail Reform Act 'that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.'" *Id.* at 5 (quoting 18 U.S.C. § 3142(e)(3)). Next, the Court found that the charges against Defendant, which involve a significant volume of narcotics and multiple firearms, are serious and represent a danger to the community. *See* Mem. Op. & Order, ECF No. 16, at 6–8. Upon review of the record, the Court also found that the "weight of the evidence" in support of the charges against Defendant is strong. *See id.* As such, the Court concluded that the balance of factors under the Bail Reform Act weighed in favor of Defendant's

pretrial detention.  *See id.* at 8.  Moreover, the Court reached this conclusion, notwithstanding the facts presented by Defendant pertaining to his community and familial ties, *see id.* at 7–8, as well as his health and COVID-19 related concerns, *see id.* at 8–10.

Defendant, however, now moves the Court to reconsider its own October 14, 2020 order and release Defendant into home confinement pending trial.  *See* Def.'s Mot., ECF No. 18, at 1. In his present Motion to Reconsider, Defendant focuses on two "additional" facts regarding his "personal circumstances" not previously raised with the Court.  *Id.* at 2.  First, Defendant highlights the fact that his "mother passed away two years ago after a battle with cancer," and that "[d]uring her illness, [he] spent significant time caring for her and he is still grieving the loss."  *Id.*  Second, Defendant notes that he "attended classes throughout 2019" in pursuit of "a new career" in the information technology ("IT") field, but "failed [his] most recent exam" for certification and subsequently became depressed.  *Id.*  According to Defendant, [t]hese personal factors indicate that if any of the alleged conduct in this case is ultimately proven, [he] is a person who made a bad decision during a time of personal struggle."  *Id.*

Finally, Defendant's Motion to Reconsider also emphasizes his family ties.  In particular, Defendant highlights his supportive wife, April Stroy, and their aspirations to have children in the future.  *See id.* at 3.  Furthermore, Defendant also references the strength of his "personal community" in Washington, D.C., which includes his father, brother, sister-in-law, and the mother of his sister-in-law.  *See id.*  These individuals have each submitted a letter to the Court regarding their relationships with Defendant.  In response, the government has filed an opposition brief objecting to Defendant's pretrial release and reasserting that his pretrial detention is appropriate under the Bail Reform Act.  *See* Gov't Opp'n, ECF No. 19, at 2–5.

## II.    LEGAL STANDARD

The Bail Reform Act requires a defendant's release before trial, unless no conditions of release exist that "will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  "In common parlance, the relevant inquiry is whether the defendant is a 'flight risk' or a 'danger to the community.'" *United States v. Vasquez-Benitez*, 919 F.3d 546, 550 (D.C. Cir. 2019).  In determining the need for pretrial detention, the Bail Reform Act sets out four factors for courts to consider: (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g)(1)–(4).

Under this framework, danger to the community alone is a sufficient reason to order pretrial detention.  *United States v. Salerno*, 481 U.S. 739, 754–55 (1987).  The Bail Reform Act, however, "requires that detention be supported by 'clear and convincing evidence' when the justification is the safety of the community."  *United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987) (quoting 18 U.S.C. § 3142(f)).  Importantly, the Act also stipulates that certain charges trigger a rebuttable presumption "that no condition or combination of conditions will reasonably assure . . . the safety of the community . . . ."  18 U.S.C. § 3142(e)(3); *see also United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996).

Finally, "[a] court may reconsider its decision regarding pretrial detention 'at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time and that has a material bearing on the issue' of whether there exist conditions for release that would "reasonably assure the appearance of such person as required," *United States v. Bikundi*,

73 F. Supp. 3d 51, 54 (D.D.C. 2014) (quoting 18 U.S.C. § 3142(f)(2)(B)), and "the safety of any other person and the community," 18 U.S.C. § 3142(f)(2)(B).

## III.    DISCUSSION

Upon review of Defendant's Motion to Reconsider and the entire record in this case, the Court finds no reason to reverse its October 14, 2020 order affirming Magistrate Judge Meriweather's pretrial detention order.  *See* Mem. Op. & Order, ECF No. 16, at 10.  As an initial matter, the material now raised in Defendant's Motion to Reconsider does not appear to be information that "was not known to [him] at the time" of his initial detention hearing.  18 U.S.C. § 3142(f)(2)(B); *see also* Gov't Opp'n, ECF No. 19, at 2.  To the contrary, Defendant's current argument presents material about his mother's death two years ago, his 2019 failure of an IT certification exam, and aspects of his family relationships.  *See* Def.'s Mot., ECF No. 18, at 2–3. The Court does not doubt the sincerity of such hardships, but notes that this information was presumably "known" to Defendant at the time of the earlier proceedings regarding his pretrial detention, and, therefore, does not merit a reopening of his pretrial detention hearing.  *See* 18 U.S.C. § 3142(f)(2)(B); *United States v. Gage*, No. CR 18-112-03 (RMC), 2019 WL 3459075, at *3 (D.D.C. July 31, 2019) (finding "no justification to reopen the detention proceeding" and refusing to "reconsider its decision to detain" the defendant).

But even if the Court did reconsider Defendant's pretrial detention order in light of the facts raised in his Motion to Reconsider, the § 3142(g) factors still weigh in favor of his detention. As noted above, Defendant's Motion to Reconsider emphasizes the fact that his alleged criminal acts occurred after his mother passed away and also after he failed an IT certification exam.  *See* Def.'s Mot., ECF No. 18, at 2–3.  Defendant argues that because of these hardships, the alleged conduct that led to his arrest should be viewed as an "aberration."  *Id.* at 3.  Furthermore, Defendant

6

emphasizes the strength of his familial relationships and argues that these relationships would help "hold him accountable," if released. *Id.* The Court acknowledges that these facts bear on Defendant's personal history and characteristics and are, therefore, cognizable under the § 3142(g)(3) factor of the Bail Reform Act. *See* Gov't Opp'n, ECF No. 19, at 4. Nonetheless, two principal issues prevent these additional facts from tilting the overall balance of the § 3142(g) factors, which still weighs in favor of Defendant's pretrial detention.

First, Defendant's argument that his alleged arrest conduct was an "aberration" is contradicted by the record. As an initial matter, Defendant has five prior drug-related criminal convictions since 2001, demonstrating criminal conduct *before* the personal hardships to which he now cites. *See* Pretrial Services Rpt., ECF No. 8, at 1–4. Furthermore, the alleged offense conduct in this case was not brief. Instead, the criminal complaint depicts a protracted period of alleged narcotics trafficking carried out over many months and culminating in a search of Defendant's apartment, which uncovered substantial amounts of cocaine base and multiple, loaded firearms. *See* Compl., Stmt. of Facts, ECF No. 1-1, at 1. Such facts do not comport with Defendant's argument that his alleged conduct was merely a momentary lapse in judgment.

Relatedly, the Court notes that Defendant's alleged offense conduct occurred within Washington D.C., including at his own apartment, *see id.*, while Defendant was on supervised probation for a prior offense, *see* Pretrial Services Rpt., ECF No. 8, at 3. As such, Defendant engaged in the alleged offense conduct in this case *while* he was already living amongst the large, personal community he cites to in his Motion to Reconsider, and also while he was on supervisory release. These facts undercuts Defendant's argument that his personal community "will hold him accountable," if he is released again. *See* Def.'s Mot., ECF No. 18, at 3. Because of these offsetting factors, the Court finds that the balance of Defendant's personal history and

characteristics remains in equipoise, even with the additional facts cited in his Motion to Reconsider.  18 U.S.C. § 3142(g)(3).

Second, the remaining § 3142(g) factors weigh strongly in favor of Defendant's pretrial detention.  *See* 18 U.S.C. § 3142(g)(1)–(2), (4).  As discussed, Defendant's alleged offense conduct is serious, as it involves the alleged possession of over 100 grams of cocaine base and the possession of two loaded firearms.  *See* Mem. Op. & Order, ECF No. 16, at 6–7.[1]  Additionally, the alleged offense conduct includes Defendant's participation in alleged hand-to-hand narcotics transactions carried out in public.  *See* Compl., Stmt. of Facts, ECF No. 1-1, at 1.  This alleged conduct represents a danger to the community.  *See* 18 U.S.C. § 3142(g)(4); *United States v. Malone*, 983 F. Supp. 2d 148, 152 (D.D.C. 2013) ("[T]he combination of sufficient quantities of drugs to engage in large-scale sales and the presence of a weapon and ammunition at . . . home is sufficient to find that [the defendant] poses a danger to the community.") (quotation omitted).  Moreover, there is strong evidence in the current record demonstrating Defendant's alleged criminal conduct.  *See* Mem. Op. & Order, ECF No. 16, at 6–7 (noting the "tangible evidence of criminal narcotics activity and gun possession" found in Defendant's apartment).  And finally, Defendant's current Motion to Reconsider does nothing to rebut these facts.  Accordingly, the Court finds that the remaining § 3142(g) factors continue to weigh in favor of Defendant's pretrial detention and, on balance, outweigh the mitigating facts contained in Defendant's Motion to Reconsider.  *See United States v. Bikundi*, 73 F. Supp. 3d 51, 54 (D.D.C. 2014).

---

[1] The indictment charges Defendant with a violation of 18 U.S.C. § 924(c)(1), for using, carrying, and possessing a firearm during a drug trafficking offense.  *See* Indictment, ECF No. 4.  This charge carries a mandatory, consecutive term of imprisonment of at least five years.  *See* 18 U.S.C. § 924(c)(1)(A); *Abbott v. United States*, 562 U.S. 8, 13 (2010).

## IV.    CONCLUSION

The Court has evaluated Defendant's Motion to Reconsider and the facts set forth therein. For the reasons set forth in this Memorandum Opinion and Order, however, the Court finds by clear and convincing evidence that there remain no conditions of release for Defendant, at this time, that "will reasonably assure . . . the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  The Court, therefore, finds no basis to reverse its October 14, 2020 order in favor of Defendant's continued pretrial detention.  *See* Mem. Op. & Order, ECF No. 16, at 10.  It is hereby **ORDERED** that Defendant's [18] Motion to Reconsider is **DENIED**.

**Date**:  December 1, 2020                              _____/s/_____
                                                        **COLLEEN KOLLAR-KOTELLY**
                                                        United States District Judge